IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA MULLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:23-cv-02082-JAR-KGG |
| | ) |
| BURR & TEMKIN SOUTH, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM & ORDER DENYING
MOTION FOR MORE DEFINITE STATEMENT**

Before this Court is Defendant's Motion for More Definite Statement. (Doc. 6.) After reviewing the parties' filings, in addition to the Complaint (Doc. 1), the Court **DENIES** the motion.

**BACKGROUND**

Plaintiff was previously employed by Burr & Temkin as a marketing assistant. She brings this action alleging age and sex discrimination in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"), as well as retaliation and being subject to a hostile work environment. (*See* Doc. 1).

In pertinent part, Plaintiff alleges that while she was employed, her employer would make inappropriate remarks concerning her age and sex. (*Id.*, at 2-3). Plaintiff repeatedly asked her employer to stop his behavior. (*Id.*, at 3). Due to the age and sex-based discrimination, Plaintiff took leave to see a doctor. (*Id.*) Upon return, Plaintiff was fired.

1

## ANALYSIS

I.   **Legal Standard**

Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) should be considered in the context of Fed. R. Civ. P. 8, which establishes the general guidelines for pleadings.  5A Wright & Miller, Federal Practice and Procedure, § 1377 at 618 (1990).  Rule 8(a) sets forth three requirements for a Complaint: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(e).

"The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." ***Ramos–Hernandez v. U.S.***, 11–1073–BNB, 2011 WL 5459436, at *5 (D. Colo. Nov. 10, 2011) (citing ***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989)).  "'Once a complaint meets these requirements, the [answering party] is put on notice of the nature of . . . [the] claim.'" ***Berg v. Frobish***, 2012 WL 3112003, at *4 (D. Kan. July 31, 2012) (citation omitted).

The decision whether to grant or deny a motion for more definite lies within the sound discretion of the court. ***Graham v. Prudential Home Mortgage Co., Inc.***, 186 F.R.D. 651, 653 (D. Kan. 1999).  Motions for more definite statement are generally disfavored by the courts and should not be used as methods of pretrial discovery. ***Feldman v. Pioneer Petroleum, Inc.***, 76 F.R.D. 83, 84 (W.D. Okla. 1977).  "Requiring a more definite statement is appropriate when

addressing unintelligible or confusing pleadings." *Suede Grp., Inc. v. S Grp.*, LLC, No. 12-2654-CM, 2013 WL 183752, at *1 (D. Kan. Jan. 17, 2013) (citations omitted).  Motions brought pursuant to 12(e) "are properly granted only when a party is unable to determine the issues" to which they must respond.  *Norwood v. United Parcel Serv., Inc.*, No. 19-2496-DDC-JPO, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020) (quoting *Resolution. Trust Corp. v. Thomas*, 837 F. Supp. 354, 356 (D. Kan. 1993)).  "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." Id. (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. March 5, 2004)).

## II.     Motion at Issue.

Defendant argues that Plaintiff's Complaint fails to comply with the requirements set forth in Fed. R. Civ. P. 8(a).  (Doc. 6, at 4).  Specifically, Defendant asserts that Plaintiff fails to plead facts sufficient to establish that she is an employee or that Defendant is an employer within the meaning of Title VII and the ADEA.  (*Id.*)  Furthermore, Defendant argues that Plaintiff's Complaint is ambiguous, as Plaintiff "first invokes this Court's jurisdiction under 28 U.S.C. § 1331" but then "contradicts herself by invoking the Court's supplemental jurisdiction, which suggests that Plaintiff may be pursuing relief under a state statutory act or common law." (*Id.*)

Plaintiff responds that she has clearly identified the basis for relief sought in her Complaint under Title VII and the ADEA.  (Doc. 7, at 5).  Additionally, Plaintiff asserts that the claims brought before this Court are on the basis of federal jurisdiction, however, "the Court has supplemental jurisdiction over those that are not, to the extent that they are not." (*Id.*)  As such, Plaintiff states that jurisdiction was properly pleaded.  (*Id.*)  Finally, Plaintiff maintains that the

Complaint clearly provided facts in paragraphs 5-10, 18-25, and 30-60 sufficiently supporting the claims for discrimination and retaliation.  (*Id.*)

Defendant responds by requesting that this Court grant its motion to the extent that Plaintiff's Complaint "is impermissibly ambiguous" and it "cannot be reasonably expected to respond."  (Doc. 8, at 1).  First, Defendant argues that Plaintiff's Complaint lacks sufficient facts to show that an employer-employee relationship existed between the two parties within the meaning of Title VII and the ADEA.  (*Id.*, at 2).  Thus, Defendant requests that Plaintiff's Complaint be amended to provide facts showing that she is entitled to relief under federal anti-discrimination law.  (*Id*, at 3.)  Finally, Defendant asserts that Plaintiff's pleading does not "provide [Burr and Temkin] sufficient notice of Plaintiff's claims and does not satisfy Plaintiff's obligations under Fed. R. Civ. P. 8(a)(2)."  (*Id.*, at 4.)

After reviewing Plaintiff's claims, the Court finds that it meets the fair notice requirement of Rule 8(a).  Plaintiff's Title VII and ADEA claims are properly plead concerning this Court's jurisdiction.  Plaintiff has further provided sufficient facts to put Defendant on notice of the claims for discrimination and retaliation, and the claims are clear enough for Defendant to fairly respond.  Plaintiff's Complaint, pursuant to the standards set forth in Rule 12(e), is sufficient to require Defendant to respond.

**IT IS THEREFORE ORDERED** that Defendant's Motion for More Definite Statement (Doc. 6) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 3rd day of May 2023.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge